IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        CASE NO.: CR 22-20026-TLP

STANLEY JOHNSON,

    Defendant.

**DEFENDANT'S MOTION FOR SUPRESSION OF EVIDENCE
WITH INCORPORATED MEMORANDUM IN SUPPORT**

Comes now the defendant, Stanley Johnson, by and through appointed counsel, Kafahni Nkrumah, Esq., pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, to any statements or admissions alleged to have been made by Mr. Johnson which were obtained by the Memphis Police Department (MPD) in violation of Mr. Johnson's *Fifth Amendment* rights.

## FACTS

On October 28, 2020, Mr. Stanley Johnson was taken to the MPD Violent Crimes Office after being arrested on suspicion of carjacking charges. When Mr. Johnson arrived at the violent crimes' office, while the officers were placing him in an interrogation room, Mr. Johnson informed the officers that he wanted to speak with a lawyer. The officers placed Mr. Johnson in the room and left him alone in the room for approximately an hour before anyone returned. When Det. Saulsberry and Sgt. Kosso returned to the room, they began asking Mr. Johnson if he wanted to give a statement regarding his alleged involvement in the carjacking incident that occurred earlier

that day, ignoring his initial request for a lawyer.  After continued questioning of Mr. Johnson, he was told by the officers that they would let him go home if he told them what happened.  Mr. Johnson stated that he would tell the officers what happened, signed the Miranda waiver form and began answering the officer's questions.

## MEMORANDUM OF LAW

**A.      The defendant's statement was made involuntarily and without a knowing, willing, and voluntary waiver of his constitutional rights guaranteed under Miranda.**

The Due Process Clause of the Fifth Amendment to the United States Constitution guarantees that "[n]o person. . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  Therefore, a defendant's involuntary confession cannot be admitted at trial because doing so would violate a defendant's constitutionally protected due process rights. *Colorado v. Connelly*, 479 U.S. 157, 163, (1986); *United States v. Binford,* 818 F.3d 261, 271 (6th Cir. 2016) (The government bears the burden of proving, by a preponderance of the evidence, the voluntariness of both an accused's *Miranda* waiver and confession).

Both physical and psychological pressure can lead to involuntary confessions. *Blackburn v. State of Ala.*, 361 U.S. 199, 206, 80 S. Ct. 274, 4 L. Ed. 2d 242 (1960); *United States. v. Ray*, 803 F.3d 244, 266 (6th Cir. 2015) (For a defendant's confession to be involuntary, and therefore obtained in violation of the Fifth Amendment, "coercive police activity" must have proceeded the confession); *Lego v. Twomey*, 404 U.S. 477 (1972); *U.S. v. Johnson*, 351 F.3d 254, 260 (6th Cir. 2003).

To determine whether a defendant's confession is a product of coercive police activity, and therefore, is inadmissible, a court must consider the totality of the circumstances involved and their effect upon the will of the defendant. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226-27 (1973).  In

applying the totality of the circumstances test, those factors that a court should consider to determine whether an accused's confession is voluntary center around three sets of circumstances: (1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials. *Id*. At 226; *Loza v. Mitchell*, 766 F.3d 466, 477 (6th Cir. 2014). In addition to the crucial element of police coercion, courts consider "the length of the interrogation, it's location, its continuity, the defendant's maturity, education, physical condition, and mental health and the failure of the police to advise the defendant of his Miranda rights. *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993); *U.S. v. Williams*, 612 F.3d 417, 421 (6th Cir. 2010).

The second circumstance, the conditions under which a suspect is questioned, includes the place where an interrogation is held, *Mincey v. Arizona*, 437 U.S. 385, 398 (1978), and the length of detention. *Schneckloth*, 412 U.S. at 226. The presence or absence of counsel is a significant condition because counsel can "assure that the individual's right to choose between silence and speech remains unfettered throughout the interrogation process. *Green v. Scully*, 850 F.2d 894, 902 (2nd Cir. 1988) (quoting *Miranda v. Arizona*, 384 U.S. 436, 469 (1966).

The final circumstance is the law enforcement officers' conduct. Facts bearing on that conduct include the repeated and prolonged nature of the questioning or the failure to inform the accused of his constitutional right. *Id*. See also *U.S. v. Ray*, 803 F.3d 244, 266 (6th Cir. 2015) quoting *U.S. v. Wrice*, 954 F.2d 406, 411 (6th Cir. 1992) (Circumstances courts are to consider include "the age of the accused, his level of education and intelligence, his physical condition and emotional state at the time of the confession, his expressed fears of violent reprisals, actual physical punishment, the proximity of the coerciveness of the confession as given, and the inherent coerciveness of the confession as given.).

The central question to resolve is "whether the defendant's was overborne when the defendant confessed." *U. S. v. Miller*, 984 F.2d 1028, 1031 (9th Cir. 1993), *citing Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *see U.S. v.* Finfrock, 2010 WL 727223 (W.D. Mich., Feb. 25th, 2010).  If the court determines, after considering these various factors, that the defendant's confession was involuntary due to the improper application of coercive police activity, the confession is inadmissible at trial. *See Lynumn v. Illinois*, 372 U.S. 528 (1963) (stating that threats to a defendant mother, unsophisticated in criminal law, that state financial aid to her infant children would cease if she failed to cooperate rendered her confession involuntary); *Bram v. United States*, 168 U.S. 532, 542-43 (1897) (maintaining that confession cannot be extracted by direct or implied promises); Wrice, 954 F.2d at 411; (*U. S. v. Perdue*, 8 F.3d 1455, 1466-67 (10th Cir. 1993) (maintaining that confession was involuntary based on the fact that the interrogation took place in an isolated location, the questioning occurred very rapidly after the defendant's arrest, the defendant was unarmed and taken completely by surprise, armed officers were present during the interrogation, the questioning occurred in a "police-dominated environment," and the officers failed to provide the defendant with Miranda warnings before interrogating him).

Det. Saulsberry and Sgt. Kosso Holloway, after ignoring Mr. Johnson's initial request for counsel, began to talk to Mr. Johnson regarding the carjacking that he was being detained for.  The officers began by making false promises to Mr. Johnson in exchange for his statement.  The officers continued to badger Mr. Johnson for his statement and Mr. Johnson agreed to speak with them.  Mr. Johnson's waiver of his Miranda rights was not a knowing, voluntary, waiver of his rights and his statement should be suppressed.

**B.   Mr. Johnson invoked his right to counsel before his interrogation and the subsequent questioning by officers violated his Miranda rights.**

Law enforcement officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during custodial interrogation. *Davis v. United States*, 512 U.S. 452 (1994). The suspect must "make some affirmative 'statement' or 'request' whose ordinary meaning shows his desire to deal with the police through counsel. *United States v. Suarez*, 263 F.3d 468, 483 (6th Cir. 2001) (citations omitted); *see also Edwards v. Arizona*, 451 U.S. 477, 484 (1981) (holding that the request must show the suspect's desire to deal with the police only through counsel…).

A suspect need not speak with the discrimination of an Oxford don but must be unambiguous. This means that a suspect must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. *Tolliver v. Sheets*, 594 F.3d 900, 922 (6th Cir. 2010) (internal citations omitted) (quoting *Davis*, 512 U.S. at 459).

Invoking the right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police." *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991); *see also Williams v. Houk*, 676 Fed. Appx. 524, 537 (6th Cir. 2017). Once a suspect indicates a desire to deal with police only through counsel, a suspect cannot be subject to further interrogation. *Edwards*, 451 U.S. at 484-85. This rule is intended to "prevent police from badgering a defendant into waiving his previously asserted Miranda rights." *Michigan v. Harvey*, 494 U.S. 344, 350 (1990) (citing *Oregon v. Bradshaw*, 462 U.S. 1039 (1983); *see also United States v. McWhorter*, 515 Fed. Appx. 511, 519 (6th Cir. 2013).

If the police do subsequently initiate an encounter in the absence of counsel (with no break in custody), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards. *United States v. Scott*, 693 F.3d 715, 720 (6th Cir. 2012).

Mr. Johnson invoked his right to counsel to the officers as they were placing him in the interrogation room. Despite his invoking his right to counsel, the officers came back and once again asked Mr. Johnson if he wanted to speak with them. After telling Mr. Johnson that he would be allowed to go home after he spoke to them and further prodding by the officers, Mr. Johnson agreed to speak with the police without counsel being present. Mr. Johnson had been continuously detained from the time of his arrest, to his request for an attorney, to his waiver of his Miranda rights and speaking with the MPD officers. Mr. Johnson's waiver of his Miranda rights was made after his request for counsel. He had not been released from custody and his later waiver was not made with counsel present. His statements are presumed involuntary and therefore inadmissible as substantive evidence at trial and must be suppressed.

## MISCELLANEOUS REQUESTS

Mr. Holloway requests the permission of the Court to make further and other motions as the facts of the case may require.

## CONCLUSION

For all the reasons stated above, this court should GRANT Mr. Johnson's motion to suppress any statements made by Mr. Holloway, specifically the statement made to MPD

officers on October 28, 2020, or in the alternative, for a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964) and *United States v. Moore*, 936 F.2d 287, 289 (6th Cir. 1991), which provides that essential findings on the record are necessary to facilitate appellate review.

        Respectfully submitted,
DORIS RANDLE-HOLT
FEDERAL DEFENDER

/s Kafahni Nkrumah, Esq.
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

I, Kafahni Nkrumah, certify that a true copy of the foregoing Motion to Suppress Evidence – Statements was forwarded via the Court's electronic filing system to Mr. Greg Wagner, Assistant United States Attorney, Clifford Davis Federal Office Building, Suite 800, 167 North Main Street, Memphis, Tennessee, 38103.

**THIS** the 3rd day of August 2022.

/s Kafahni Nkrumah, Esq.
Assistant Federal Defender